Dr. Charles Manning Interim Executive Director Department of Higher Education Colorado Commission on Higher Education 1800 Broadway Denver, CO 80203
Dear Dr. Manning:
This opinion is in response to Dr. Kerschner's memorandum dated March 14, 1983 and subsequent letter dated April 19, 1983, which raise several questions concerning Metropolitan State College ("MSC") and its relationship to the Colorado Commission on Higher Education ("CCHE"). You have authorized me to modify Dr. Kerschner's questions as noted below.
QUESTIONS PRESENTED AND CONCLUSIONS
Your modified request for an attorney general's opinion presents the following questions:
1. Is MSC authorized to extend its campus beyond Auraria Higher Education Center ("AHEC")?
2. Do existing statutes exempt MSC's off-campus instruction from CCHE review?
My conclusion is "no" to each question.
ANALYSIS
1. MSC is a statutorily created part of the state general college system. Its functions are principally those of undergraduate education. C.R.S. 1973, 23-54-101. MSC is authorized:
 (a) To provide and offer programs of undergraduate instruction in the liberal arts and sciences, as determined by the trustees in the manner in this article specified;
 (b) To provide and offer programs of instruction in semi-professional technical education in science and engineering technology on a terminal basis, either on its own campus or through contracts with public school districts in the city and county of Denver and the counties of Adams, Arapahoe, and Jefferson;
 (c) To encourage other state institutions of higher education to offer at the college, by extension, such credit courses as are beyond its scope and function and to cooperate with such other state institutions of higher education in the offering of such courses;
 (d) To serve the needs for higher education in the Denver metropolitan area, as well as in the state of Colorado generally.
C.R.S. 1973, 23-54-102(1).
This statute does not specifically locate MSC. Originally, the governing board of MSC had discretion to determine from year to year what sites would meet the higher educational needs of the Denver metropolitan area. In 1965, when MSC commenced operations, its campus consisted of rented buildings in the Denver metropolitan area.
In 1974, the general assembly authorized and provided funds for the construction of a multi-institutional higher education complex collectively known as AHEC. C.R.S. 1973, 23-70-101et seq. (Supp. 1983). AHEC is located by statute in the City and County of Denver on designated land. AHEC's board of directors is obligated to provide "land, physical plant, and facilities necessary to accommodate and house Metropolitan state college. . . ." C.R.S. 1973, 23-70-101(1)(b) (Supp. 1983). A plain reading of this statute reflects a legislative intent to locate MSC at AHEC.
The Colorado Supreme Court has examined the authority of the regents of the University of Colorado to teach medicine at any place outside Boulder, in light of a constitutional provision locating the University at Boulder. In People ex rel.Jerome v. Regents, 24 Colo. 175, 49 P. 286 (1897) the court ruled that, because the constitutional and statutory "locating" of an institution of higher education had to be strictly construed, the regents did not have the power to remove a portion of the medical school to Denver. It also ruled that the locating of a university includes all its departments and every part thereof.
The analysis of Jerome is applicable to the issue of whether MSC has authority to extend its campus beyond AHEC. Once the 1974 AHEC statute located MSC's campus at AHEC, the governing board of MSC had no authority to extend its campus without specific legislative approval. Since MSC's campus is located at AHEC, any instruction off AHEC is off-campus instruction and MSC must be authorized by the general assembly to provide such off-campus instruction.
MSC has the authority to go off AHEC to provide certain technical education through contracts with designated school districts, C.R.S. 1973, 23-54-101(b), state-supported instruction authorized by C.R.S. 1973, 23-1-401 et seq. (Supp. 1983),[1] and nonstate supported out-of-state instruction, C.R.S. 1973, 23-5-116 (Supp. 1983). This opinion does not address the issue of whether MSC has authority to offer other off-campus instruction.[2]
2. You have also asked me to comment on whether existing statutes exempt MSC's instruction off AHEC from CCHE review. In order to answer this question, it is necessary to review the statutes which created the two entities. C.R.S. 1973, 23-1-101et seq., and 23-54-101 et seq. Where two statutes cover the same subject matter, rules of statutory construction mandate that the two statutes be construed together to give effect to every provision of both of them to the extent possible. 2A, Sands Sutherland's StatutoryConstruction, § 51.02.
MSC was established in 1963 as a state general college. Its governing board was authorized to determine what programs of undergraduate instruction in liberal arts and sciences MSC would offer. Further, C.R.S. 1973, 23-54-102(1)(b) authorizes MSC to provide certain semi-professional technical education through contracts with designated school districts.
Two years later the general assembly created CCHE. The legislature declared that its purpose in establishing CCHE was to, inter alia, avoid needless duplication of facilities and programs and to achieve the best utilization of educational resources. C.R.S. 1973, 23-1-101. CCHE is obligated to develop a unified plan of extension offerings, C.R.S. 1973,23-1-107(1)(f) and review and approve certain aspects of state-supported off-campus instruction, C.R.S. 1973, 23-1-401 and23-1-109.5 (Supp. 1983). These duties apply to all state-supported institutions of higher education and to extension programs of state-supported colleges and universities. C.R.S. 1973, 23-1-102
(Supp. 1983).
The legislature did not exempt MSC from any of CCHE's review. Reading the two statutes together, it is my opinion that any instruction which MSC is authorized to offer off AHEC is subject to CCHE review.
SUMMARY
MSC is located at AHEC. It cannot extend its campus without legislative approval. Any instruction MSC is authorized to offer off AHEC is subject to CCHE review.
Very truly yours,
 DUANE WOODARD Attorney General
STATE AGENCIES EDUCATION, HIGHER EDUCATIONAL INSTITUTIONS
C.R.S. 1973, 23-54-101 et seq. C.R.S. 1973, 23-1-101 et seq. C.R.S. 1973, 23-1-401 et seq.
HIGHER EDUCATION, DEPT. OF Metropolitan State College Comm. on Higher Education
MSC is located at AHEC. It cannot extend its campus without legislative approval. Any instruction MSC is authorized to offer off AHEC is subject to CCHE review.
[1] I have considered whether C.R.S. 1973, 23-1-401(2) (Supp. 1983), which provides that "Existing state-supported extended campus programs (. . . MSC) shall not be affected by this section," constitutes authorization to MSC to offer existing state-supported extended campuses and have concluded that it does not.
[2] Many institutions of higher education participate in CCHE's outreach program. Outreach is defined by CCHE policies as the statewide program which serves the adult student who is not currently being served by resident instruction. It includes on and off campus instruction, credit and noncredit courses. Outreach is funded by cash funds which are appropriated to CCHE. The 1983 Long Bill appropriated $9.5 million to Higher Education Extension and Correspondence Instruction (1983 Colo. Sess. Laws 69). Neither MSC's enabling statute nor those of any other institutions of higher education mention cash-funded outreach programs.